DISTRICT COUNCIL NO. 38 INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL–CIO

v.

WILLIAMS CONTRACTING, INC.

Civ. A. No. C79–870A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 30, 1979.

**480**

Jacobs, Jacobs & Davis, Atlanta, Ga., for plaintiff.

Smith, Currie & Hancock, Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

The above-styled matter is an action brought pursuant to Section 301 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. § 185, to enforce an arbitration award rendered in favor of Plaintiff and against Defendant.

Plaintiff (painters' and decorators' union) alleges that it and Defendant (painting contractor) were parties to a collective bargaining agreement which provided for an arbitral entity, the Atlanta Joint Trade Board. "Charges" (grievances) were referred to said Trade Board by Plaintiff's executive secretary in October, 1978. The Trade Board found that Defendant had improperly failed to make contributions into a fringe benefit fund on behalf of certain named individuals designated as "job superintendents", and ordered Defendant to make such contributions. Defendant, contending that the named individuals were "supervisors" rather than "employees" within the meaning of the National Labor Relations Act, unsuccessfully sought injunctive relief in this Court to restrain enforcement of the Trade Board decision (see order of February 22, 1979, Freeman J.). Defendant then attempted to appeal the decision of the Atlanta Joint Trade Board to the National Trade Board, which appeal failed for procedural reasons.

Defendant contractor had also filed an unfair labor practice charge against Plaintiff union with the 10th Region of the National Labor Relations Board ("NLRB"). The Regional Director declined to issue a complaint on the unfair labor practice allegations. However, Defendant appealed this ruling to the General Counsel in Washington, who reversed the Regional Director. A formal complaint against Plaintiff union was therefore filed by the NLRB. In this Complaint, the NLRB alleges that Plaintiff has committed certain unfair labor practices. Specifically, the Complaint alleges that, (1) the demand by Plaintiff for inclusion of "job superintendents" employed by Defendant in the collective bargaining agreement (and the demand for payment on their behalf into the fringe benefit fund), (2) the filing of "charges" against Defendant in pursuit of said demand, (3) the processing of said "charges" through arbitration, and (4) the insistence to impasse that Defendant accede to Plaintiff's demands, all constituted unfair labor practices. (A motion for reconsideration of the General Counsel's decision was still pending as of August 15, 1979.) A hearing before an Administrative Law Judge of the NLRB on these allegations has been scheduled for February 11, 1980.

Currently before the Court is Defendant's Motion to Stay Proceedings in this action. Defendant argues that a ruling by the NLRB would dispose of Plaintiff's allegations as well as dispose of parts of Defendant's counterclaim (Defendant has alleged in its answer that the arbitration award is null, void and illegal, and has counterclaimed for damages). Consequently, Defendant seeks a stay of the present proceedings, including a tolling of the discovery period, until the NLRB disposes of the unfair labor practice proceedings. Plaintiff objects to such a stay, arguing in essence that this Court should exercise its jurisdiction and proceed with the enforcement action in the absence of a conflicting NLRB decision on this issue.

■ The Court does not perceive the question presented by this motion as a jurisdictional problem in the nature of a preemption. The authority of the National Labor Relations Board to deal with an un-

fair labor practice which also violates a collective bargaining contract does not destroy the jurisdiction of the courts in suits under § 301 of the Labor Management Relations Act, and the existence of possible unfair labor practices does not inhibit a District Court in a § 301 arbitration proceeding from granting the relief sought. *Smith v. Evening News Assoc.*, 371 U.S. 195, 197, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964).

For some time it has been recognized that proceedings in the courts to enforce arbitration involve determination of contractual rights, while proceedings before the NLRB involve determination of statutory rights. *See United Steelworkers v. American International Aluminum Corp.*, 334 F.2d 147, 152 (5th Cir. 1964), *cert. den.*, 379 U.S. 991, 85 S.Ct. 702, 13 L.Ed.2d 611; *Sinclair Refining Co. v. N.L.R.B.*, 306 F.2d 569, 576–8 (5th Cir. 1962). It is true that once the NLRB makes a final determination, such decision takes precedence over the § 301 proceedings in the courts. *New Orleans Typographical Union No. 17 v. N.L.R.B.*, 368 F.2d 755, 767 (5th Cir. 1966). Consequently, when it is clear that an arbitral decision will conflict with a rendered NLRB decision, enforcement of the arbitral award will be proscribed. *See General Warehousemen and Helpers Local 767 v. Standard Brands, Inc.*, 560 F.2d 700, 704 (5th Cir. 1977), reh. 579 F.2d 1282; *United Steelworkers v. American International Aluminum Corp., supra*, at p. 152. As a result of a recent *en banc* decision of the Fifth Circuit Court of Appeals in *General Warehousemen and Helpers Local 767 v. Standard Brands, Inc.*, 579 F.2d 1282 (5th Cir. 1978), reh. den., 588 F.2d 829, it also appears that the enforceability of an arbitration award is dependent upon, among other things, whether such award which is "repugnant" to the National Labor Relations Act. *General Warehousemen and Helpers Local 767 v. Standard Brands, Inc., supra*, at p. 1292 (Court's emphasis). However, that case dealt with the actual enforceability of a "repugnant" award, whereas the issue presently before the Court is not the current enforceability of the arbitration award, but rather the relative merit of deferring resolution of that question until the NLRB finally determines whether the allegations of unfair labor practices made against Plaintiff union are meritorious. The Court declines to rule at this time on the question of whether the relief sought by Plaintiff to this action (*i. e.*, enforcement of the arbitral award) is "repugnant" to the National Labor Relations Act. Rather, the Court feels that, even were the NLRB to subsequently determine that the actions of Plaintiff union were unlawful, such would merely delineate the extent to which the award could be modified or vacated as conflicting with or "repugnant" to the applicable law and NLRB decision. *See Orange Belt Council v. Maloney, Inc.*, 98 LRRM 3193, 3198 (C.D.Cal.1978). Therefore, the Court concludes that this action should not be stayed at the present stage of the proceedings.

Accordingly, Defendant's Motion to Stay Proceedings is hereby overruled and denied.

SO ORDERED, this 30 day of October, 1979.